OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Cincinnati Bar Association v. Shabazz.
     [Cite as Cincinnati Bar Assn. v. Shabazz (1993),
     Ohio St.3d      .]
Attorneys at law -- Misconduct -- Two-year suspension with
     second year stayed accompanied by monitored probation --
     Neglect of a legal matter -- Commingling of funds --
     Failure to promptly account for client's funds -- Failure
     to register as an attorney.
     (No. 92-1704 -- Submitted January 6, 1993 -- Decided
February 24, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-17.
     On June 24, 1991, relator, Cincinnati Bar Association,
filed a multi-count complaint against respondent, Donald A.
Shabazz, Attorney Registration No. 0024227.  Among the
violations alleged were DR 6-101(A)(3) (neglect of a legal
matter), 9-102(A) (commingling funds), 9-102(B)(3) (failure to
promptly account for client's funds) and Gov. Bar R. VI
(failure to register as an attorney).  These charges were heard
by a panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court on February 4, 1992.
     Particularly significant are Counts I through V, VIII and
IX, with the parties stipulating to the relevant facts in each
count.  Counts I through V arose from respondent's work for
CinFed Credit Union ("CinFed").  CinFed retained respondent in
1988 to handle collections.  On five subsequent occasions,
respondent filed suit against delinquent borrowers, but then
failed to follow the cases through to completion.  In two
instances, the suits were dismissed for want of prosecution.
In two others, respondent either did not file, or prejudicially
delayed filing, a certificate of judgment.  On still another
occasion, respondent failed to remit funds received from a
collection agency on the account of a delinquent debtor of
CinFed.  While some of these funds were deposited into the
account of respondent's law firm, other funds simply remained
with respondent.
     Respondent stipulated to the offenses charged in Counts
VIII and IX.  As to the latter count, he admitted his failure

to register as an attorney for the 1989-1991 biennium. As to Count VIII, respondent conceded that he had used his firm's interest-bearing trust account for the payment of nontrust obligations, including personal expenses. Consequently, on at least two occasions, respondent had insufficient funds to cover checks written on that account. Respondent also admitted to depositing legal fees into that account.

Based on the above conduct, relator requested an indefinite suspension, but respondent sought a public reprimand. After considering the evidence, the panel concluded that respondent had violated DR 6-101(A)(3) as to Counts I through IV; 9-102(A) as to Counts V and VIII; 9-102(B) as to Count VIII; and Gov. Bar R. VI as to Count IX. Citing the lack of clear and convincing evidence that CinFed had suffered monetary loss, the panel recommended a two-year suspension, with the second year to be stayed, accompanied by monitored probation of respondent's bookkeeping and operational procedures.

The board adopted the findings and recommendation of the panel, and also recommended that the cost of the proceeding be charged to respondent. Objecting to this recommendation, relator reiterated its request for an indefinite suspension.

Franklin A. Klaine, Jr., Edwin W. Patterson III and James L. O'Connell, for relator.

John A. West, for respondent.

Per Curiam. We adopt the findings and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for two years. After the first year of the suspension is completed, respondent shall be placed on monitored probation for the balance of the sanction. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and Pfeifer, JJ., concur.

Wright and F.E. Sweeney, JJ., dissent and would impose an indefinite suspension on respondent.